1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11  CARLOS RIVERA BLANCO,                )   Criminal No. 07-CR-3151-L
                                         )   Civil No. 09-CV-841-L
12              Petitioner,              )
                                         )
13  v.                                   )   **ORDER DISMISSING WITH**
                                         )   **PREJUDICE PETITIONER'S**
14  UNITED STATES OF AMERICA,            )   **MOTION UNDER 28 U.S.C. § 2255**
                                         )   **TO VACATE, SET ASIDE OR**
15                                       )   **CORRECT SENTENCE**
                Respondent.              )
16                                       )
                                         )
17  ─────────────────────────────

18        On April 22, 2009, Petitioner Carlos Rivera Blanco ("Petitioner") filed a motion pursuant

19  to 28 U.S.C. § 2255 to vacate, set aside or correct sentence.  The Court has reviewed the record

20  in this case, which clearly establishes that on November 28, 2007, Petitioner waived both his

21  right to appeal and to collaterally attack his conviction and sentence.  Plea Agreement ¶ XI.

22  Petitioner's motion raises no challenge to the validity of that waiver, therefore this Court lacks

23  jurisdiction to consider any collateral challenge to his conviction and sentence.  *See Washington*

24  *v. Lampert*, 422 F.3d 864, 869-70 (9th Cir. 2005) (recognizing that if sentencing agreement's

25  waiver of the right to file a federal habeas petition was valid, district court lacked jurisdiction to

26  hear the case).

27        Even if Petitioner had not waived the right to bring this motion, Petitioner's motion

28  would nevertheless fail because it was not timely filed.  The Antiterrorism and Effective Death

07-CR-3151-L

1  Penalty Act of 1996 established a one-year statute of limitations for motions brought under 28

2  U.S.C. § 2255.  The one-year period of limitation runs from the latest of:

3

4      (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental
5      action in violation of the Constitution or laws of the United States is removed, if
    the movant was prevented from making a motion by such governmental action;

6
    (3) the date on which the right asserted was initially recognized by the Supreme
7      Court, if that right has been newly recognized by the Supreme Court and made
    retroactively applicable to cases on collateral review; or

8
    (4) the date on which the facts supporting the claim or claims presented could have
9      been discovered through the exercise of due diligence.

10  28 U.S.C. § 2255.

11      In this case, Petitioner did not appeal his sentence.  Therefore, Petitioner's judgment of

12  conviction became final on March 3, 2008, ten days after the entry of judgment in the district

13  court.  *See* Fed. R. App. P. 4(b) (stating that defendant has 10 days to file notice of appeal in

14  criminal case); *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (holding that

15  statute of limitations begins to run upon the expiration of the time during which the petitioner

16  could have sought review by direct appeal).  Therefore, Petitioner had until March 3, 2009 to file

17  a motion under 28 U.S.C. § 2255.  The motion submitted in this case was not filed until April 22,

18  2009, 50 days after the limitations period expired.

19      Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28

20  U.S.C. § 2255 is **DISMISSED WITH PREJUDICE**.

21      **IT IS SO ORDERED.**

22

23  DATED:  April 24, 2009

24  _____
    M. James Lorenz
25      United States District Court Judge

26

COPIES TO:
27
PETITIONER
28  U.S. ATTORNEY'S OFFICE

07-CR-3151-L